IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLETE REO HART,

      Plaintiff,                       No. CIV S-05-0758 FCD DAD P

    vs.

DR. N.K. KHOURY, et al.,

      Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        The district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or against any officer or employee of a governmental entity. See 28 U.S.C. § 1915A. In the present case, plaintiff has sued five doctors employed at California Medical Facility. Plaintiff alleges that he believes some or all of the medical doctors and other staff have been illegally and/or unlawfully experimenting on him and possibly other inmates, "with medications, biochemically, physically and mentally." Plaintiff also believes he may have been sterilized without his knowledge and may have been a victim of unspecified types of experimentation. Plaintiff wants any experimentation on him stopped immediately and any

1

damage from previous experimentation reversed. Plaintiff also seeks millions of dollars in damages.

Plaintiff states that a grievance procedure is available at the medical facility but indicates that he has not filed a grievance concerning the facts relating to his complaint because the grievance procedure and policy at the facility "is fraudulent and never correctly answered or addressed."

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of prison administrative procedures is mandated "regardless of the relief offered through [such] procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). A remedial scheme is considered "available" for purposes of 42 U.S.C. § 1997e(a) where the administrative process has authority to take some action in response to a prisoner's grievance, even if the action is not the remedial action sought by the prisoner. Id. at 736. Courts may not read futility or other exceptions into statutory exhaustion requirements "where Congress has provided otherwise." Id. at 741 n.6.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). Because plaintiff's complaint contains a concession to nonexhaustion of available administrative remedies and plaintiff's ground for nonexhaustion is futility, this action should be dismissed without prejudice to the filing of a new civil rights action after plaintiff has exhausted available administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies before bringing the action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Any document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
hart0758.efr